J-S19006-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CORNELIUS BROCKENBROUGH | : | |
| | : | |
| Appellant | : | No. 2486 EDA 2021 |

Appeal from the PCRA Order Entered November 19, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0007278-2009

BEFORE:   PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED JULY 8, 2022**

Cornelius Brockenbrough appeals from the order entered in the Philadelphia County Court of Common Pleas on November 19, 2021, dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§ 9541-9546 as untimely. Because we agree Brockenbrough's petition was untimely filed, we affirm.[1]

In March 2009, Brockenbrough was arrested and charged with first degree murder and possessing an instrument of crime ("PIC") for the

---

[*] Former Justice specially assigned to the Superior Court.

[1] Also before us is Brockenbrough's Application for Extension of Time to File Reply Brief. We deny Brockenbrough's application because the PCRA court clearly lacked jurisdiction. As the PCRA court explicitly relied upon this ground in its opinion, **see** PCRA Court Opinion, 1/25/2022, at 4,  a reply brief could provide no relevant argument.

strangulation and murder of his long-term girlfriend. On November 24, 2010, after a jury trial, Brockenbrough was found guilty. A week later, the trial court sentenced Brockenbrough to a mandatory term of life imprisonment without parole for the murder conviction, along with a concurrent term of two and one-half to five years' imprisonment for the PIC conviction. On appeal, we affirmed the judgment of sentence. On March 1, 2013, the Pennsylvania Supreme Court denied Brockenbrough's petition for allowance of appeal.

On September 9, 2013, Brockenbrough filed a *pro se* PCRA petition, claiming (1) trial counsel was ineffective for failing to protect his right to a speedy trial; (2) trial counsel was ineffective for failing to investigate his case; (3) his confession should have been excluded from evidence; and (4) a DNA test would have exonerated him. PCRA counsel was appointed[2] and subsequently filed a petition to withdraw and a **Finley**[3] no-merit letter.

On December 27, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907, based on PCRA counsel's **Finley** no-merit letter. On March 27, 2018, the PCRA court dismissed the petition and granted counsel leave to withdraw. We affirmed the denial on appeal, and our Supreme Court later denied Brockenbrough's petition for allowance of appeal.

---

[2] Brockenbrough filed multiple *pro se* petitions prior to and after counsel had been appointed raising numerous claims of error.

[3] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On August 20, 2020,[4] Brockenbrough filed the instant *pro se* PCRA petition, claiming (1) police misconduct for violating his **Miranda** rights by using coercive tactics to obtain a false confession, (2) prosecutorial misconduct by denying Brockenbrough the right to a fair trial and due process by pursuing a wrongful conviction, and (3) trial counsel ineffectiveness for failing to allow Brockenbrough to testify at trial. The PCRA court issued notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. On November 19, 2021, the PCRA court dismissed the petition. This timely appeal followed.

In his appellate brief, Brockenbrough raises a single issue on appeal: "Whether … trial counsel was ineffective for failing to move for mistrial after [Brockenbrough's] constitutional right to confront Deanna Ferrioa on the testing she performed to generate her five-page report without the opportunity to cross?"

Prior to reaching the merits of Brockenbrough's claim on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of

---

[4] In a letter to the court included with the petition, Brockenbrough alleged that he submitted his petition on June 25, 2020 but never received a stamped copy back from the court so he was now submitting a copy of the petition. There is no proof in the record of the alleged original filing. As his petition is outside the PCRA one-year time bar in either event, we will analyze timeliness using a filing date of June 25, 2020.

sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Brockenbrough's judgment of sentence became final on May 30, 2013, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than seven years later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Brockenbrough's petition unless he was able to successfully plead and prove one of the statutory exceptions to the PCRA's time-bar. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

The PCRA provides three exceptions to its time bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

Even liberally construed, Brockenbrough has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. In his petition, Brockenbrough asserts he meets the requirements of Section 9545(b)(1)(ii), i.e., the newly discovered fact exception, based on an article given to him on July 28, 2020, by a fellow prison inmate. That article discusses misconduct committed in a different case, by a different assistant district attorney than the one that prosecuted Brockenbrough. He claims this "new" information proves the same unethical practices were used by the district attorney's office during his case and led to his wrongful conviction.

Section 9545(b)(1)(ii) "requires [a] petitioner to allege and prove that there were 'facts' that were 'unknown' to him" and that he could not have ascertained those facts by the exercise of "due diligence." **See Commonwealth v. Bennett**, 930 A.2d 1264, 1270 (Pa. 2007). "The focus of the exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 947 A.2d 714, 720 (Pa. 2008) (citation, internal quotation marks, and brackets omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned of the new fact(s) earlier with the exercise of due diligence." **Commonwealth v. Williams**, 35 A.3d 44, 53 (Pa. Super. 2011) (citations omitted).

Here, the actual "fact" for purposes of Section 9545(b)(1)(ii) is that Assistant District Attorney ("ADA") Roger King committed misconduct in at least one unrelated case. **See** PCRA Petition, 8/25/2020, at 7. However, as Brockenbrough admits, his underlying claim of police and prosecutorial misconduct is not based on ADA King's misconduct. **See id**. at 22 (originally numbered page 7 of *pro se* memorandum of law).

Brockenbrough asserts that ADA King's actions while working under District Attorney Lynn Abraham establish that the ADA who tried this case, Brendan O'Malley, engaged in the same misconduct while working under District Attorney Seth Williams. Brockenbrough has alleged no facts to support

- 6 -

this linkage. As Brockenbrough has failed to allege facts that could establish that ADA O'Malley engaged in prosecutorial misconduct in the present case, Brockenbrough cannot establish that his underlying claim is predicated on this fact. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii) ("the facts *upon which the claim is predicated* were unknown to the petitioner") (emphasis added). His petition therefore does not qualify for the newly discovered fact exception, and is untimely.

As we find Brockenbrough's PCRA petition was untimely and does not fall under an exception to the PCRA time bar,[5] we affirm the PCRA court's order dismissing the petition.

Order affirmed. Application for extension of time to file reply brief denied. Jurisdiction relinquished.

---

[5] It appears from the record that Brockenbrough misconstrued our law regarding the PCRA timebar. In his answer to the 907 notice, Brockenbrough asserts his petition is timely because he filed it "fewer than one-year after the Pennsylvania Supreme Court denied Allowance of Appeal on, (5/27/20)." Answer to Court's Notice of Intent to Dismiss, 10/15/2021, at 2. Brockenbrough makes the same argument in his appellate brief. **See** Appellant's Brief, at 11-12. However, the date he cites to is the date on which our Supreme Court denied allowance of appeal regarding dismissal of his first PCRA petition. A PCRA petition, *including a second or subsequent one*, must be filed within one year of the date the petitioner's judgment of sentence becomes final, i.e. at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. As mentioned above, Brockenbrough's judgment of sentence became final on May 30, 2013, ninety days after his petition for allowance of appeal was denied by our Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. Therefore, any PCRA petition, whether his first or a subsequent petition, had to be filed by May 30, 2014 to be timely.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/8/2022</u>